Om’ioN of the Court, by
Judge Owsley.
THIS is an appeal from a decree of the court below,. ordering the appellants to convey the land in contest Clay, who was tjie complainant in that court, asserting.' the superior equity to the land under an entry made in the name of Robert Lackey, in whose name the was made, and to whom the patent issued from the cpt#* monwealth.
Clay claims the interest of Lackey in the' land patented to him, under a bond- which was executed by Lackey to Clay foFone moiety of the land, and under a. bond for the other, moiety, which was given by Lackey to Robert Henry, and which bond to Henry has come to the possession of Clay, through various successive as-signmenfs. The bond was given by Lackey to Henry, prior to the passage of any law making such bonds assignable; and, in his bill, Clay has made Lackey, Henry, and the several- assignors of the bond to Henry, de-fondants.
Henry appears to be a non-resident, and an order of. publication against him was obtained by Clay; but the order was not published for more than eight weekly It is obvious, therefore, -that the cause was not in a. proper state of preparation for hearing when the decree was pronounced in favor of Clay. ■ It has been repeatedly held by this court, to be necessary, for a complainant asserting an equity under an obligation which is not.assignable at law,, to make all the assignors parr ties; and that, instead of eight weeks, an order of publication against an absent defendant should be published two Alendar months.
In this-case, is true, Clay alleges in his bill that ho hae obtained a'deed of conveyance by commissioners appointed by the county court, for the entire claim of Lackey; and if, from th.c exhibits in the case, the legal title of Lackey could be ascertained to have passed by that deed of conveyance to Clay, it would not have been necessary for Henry or Lackey to' be made parties in. the present cas,e; but the record fails to exhibit such evidence as wt]1 -authorise the inference,' that Clay ia *284 inTCS^e^ wRh Lackey’s tille; and without ^the tide of Lackey, it was not only necessary to make Lackey, Henry, and the several assignors of Henry’s bond from Lackey, parties, but the order of publiriftidh against Henry should have been published two calendar months, before the court proceeded lo a final hearing of the cause on the merits.
We would also remark, that the proceedings against the heirs of Isabella Douglass, who were made de/en-dants by Clay, are not in strict compliance with the act of tile legislature of this country. Those heirs are alleged, in the bill of Clay, to be unknown to him; and, according to the provisions of the act, before he obtain- ■ ed an order of publication against them, he should have filed in the clerk’s office, with his bill, an affidavit, stating the fact of his not knowing the names of the heirs.
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and fu rlher proceedings there had, not inconsistent with this opinion.